### A. L. RANDALL CO. v. HANSON et al.

### No. 4342.

Circuit Court of Appeals, Seventh Circuit.

June 11, 1930.

J. H. Jochum, Jr., of Chicago, Ill., for appellant.

Winfield S. Williams, of Chicago, Ill., for appellees.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge.

The District Court found plaintiffs' patent to Hanson, No. 1,599,525, valid and infringed.

The main object of the invention is to provide a holder, or lifting means, for flower pots, readily attachable and detachable. The holder consists of a single resilient wire, upon each end of which is bent identical loops, that

fit over the edge of a flower pot. See figures of the patent below:

The first bend in the end-loops is shown in the dotted lines in Figure 3, at 7. The further bending is shown in the ear-shaped part at 7, 8, 4, and 6 of Figure 2. The wire, from which the holder is made, is bent in the shape of a loop, as shown in Figure 1. The end-loops are rigid. One end-loop is put in place over the edge of the flowerpot, without springing or bending, by simply inclining that end of the holder to the dotted line position shown in Figure 2. The other end is put in place in like manner by forcing the resilient wire with the hand, as shown in Figure 4, into the position of the dotted line 1, as shown in Figure 2. The twining rod, 10, has nothing to do with the invention. Plaintiff says that claim 5, which reads as follows, is typical:

"An article of manufacture for the purposes specified consisting of a single length of wire comprising a resilient bow portion and terminal grip portions, each of said terminal grip portions consisting of two leg portions resiliently joined together adapted to straddle the flanged rim of a flower pot, the conformation of each inner leg portion being such as to provide plural bearing surfaces on the inside of the pot, each outer leg portion having thereon a hooked portion adapted to pass under the flanged ledge of the pot, co-active resilient means joining the leg portions tending to lockingly grip the flower pot, whereby the resilient relations be-

tween the gripping end portions and the bow portion tend to hold the handle in gripping relation to the pot."

The only issue is whether, in view of the prior art, there is invention.

Defendant relies upon the three patents to Hart: No. 876,872, of January 14, 1908; No. 912,472, of February 16, 1909; No. 1,-077,879, of November 4, 1913. Those patents are for detachable bails for flowerpots and like articles, and show the only flowerpot handles or bails in the prior art. They are made of a plurality of wires that are not resilient. The ends that fit over the edge of the flowerpot in no way resemble plaintiffs'. Whatever springing together there is of them is produced by the manner in which the wires are twisted together. The most claimed for those patents is that they show that Hanson is not entitled to any broad interpretation of his claims.

Great reliance is placed on Lau patent, No. 1,183,990, for lard pail. We pass the question as to whether that is in the same or an analogous art. Below is Figure 2 of the Lau patent:

The so-called handle 6 in Figure 2 is not adapted for use on any known container, but is merely a part, as shown by the specification, of the "device forming the subject matter of this application," namely, "a receptacle adapted to contain lard, paint, etc." The stated objects are:

"To provide a novel form of handle adapted to hold the cover on the receptacle and to constitute a means whereby the receptacle may be carried about.

" * * * To provide a handle of the type described which, when depressed, will automatically disengage itself from the upper edge of the receptacle.

" * * * To provide a receptacle having a removable handle which, * * * may be * * * assembled longitudinally with the receptacle and extend between the upper and lower edges of the receptacle, thereby to convert the receptacle into a dipper."

Figure 2 is a longitudinal section of a specially constructed container, the height and width of which, to utilize the handle as disclosed, must be substantially the same. The claim is that the so-called handle, terminating at each end in hook 7, and made from a single strip of resilient material, is the equivalent of plaintiffs' holder. When it is conceded that the Lau handle and plaintiffs' holder are both made of resilient material, and that each has at the end some kind of a hook or loop, the similarity ends. The Lau handle very much resembles one-half of the well-known single leaf elliptical carriage spring. To attach the Lau handle to the lard pail, it is lengthened by pressing down at 6, so that the spring is lengthened to hook over the beaded lip of the lard pail. To remove it, the spring must be lengthened by the same operation. The effect of pressing down on the top of the Hanson holder would be to prevent its attachment to or removal from the flower pot. Pressing down would bow out the sides of the holder and tighten the grip on the container. Hanson evidently had in mind making a practical and ornamental holder, and he had the problem of making the loop of his holder large enough to go over the top of the plants in the container. Lau had no such problem, and the Lau handle, as made and used, would not go over the plants, and, if it was so constructed, it probably would not serve what apparently was the main purpose of the inventor; namely, to lock the lid on the lard pail. To change the Lau handle to a flower pot holder would require numerous changes that would be a wide departure from any purpose of the Lau patent. In the patent in suit, there is, in the resilient wire, near the top of the container, an outwardly pulling force, so that the normal position of the ends of the holder, if not held by the container, would be on the dotted lines in Figure 1, whereas, in Lau's use of the resilient handle, the pulling force is toward the center of the container. Lifting at the center of the handle in Lau tightens the grip upon the container; lifting at the center of the Hanson holder tends to straighten out the sides of the holder and loosens the grip.

Ragatz's patent, No. 750,699, is a basket handle made of an iron rod, bent in the shape of an ordinary basket handle. The ends are bent so that one part will go over the outside of the basket, and another part on the inside. Those bent ends, placed upon the basket, would remain in position if the top part of the handle was removed, that is, so far as remaining in position is concerned the parts

upon the basket are uninfluenced by the top or handle part, which makes it very different in principle and in operation from the Hanson invention.

Two witnesses, large jobbers of florists' supplies, testified that they had made, for a term of years long antedating plaintiffs' patent, a hanger of which they had sold considerable numbers. Physical exhibits, of what appear from the testimony to be the hangers made by them, are of nonresilient wire, and show the bending at the ends very much like the bending at the ends of plaintiffs' holder. But it appears that those exhibits were not manufactured before plaintiffs' invention. The witnesses, in their business, also published catalogues for a number of years, in which the hanger made by them was shown as in the cut below:

Pot Hanger

The bendings at the ends, as there illustrated, are not like plaintiffs'. It was explained that the illustration shown was as near the hanger in appearance as the artist was able to make it. The catalogues are undated, and there are no documents, physical exhibits, or other things antedating plaintiffs' invention to support the testimony of the witnesses. But, taking the testimony of the witnesses at its full value, we think there is nothing that would have taught one not having inventive genius how to make plaintiffs' holder. The device was fastened onto flowerpots for the purpose of hanging them up out of the way of the bench work, and was in no sense decorative, nor used for the purpose of carrying flowerpots about in the home. If the wire side was bent in, to adjust the loops over the top of the container, it would remain bent and would not spring back as in the Hanson holder. The hanger is not kept on the flowerpot by any spring effect in the wire. The witnesses testified that they had never made a holder like the Hanson holder.

While all of the elements of the Hanson invention are old, Hanson had the right to combine them so as to make, if he could, a new and useful device. He seems to have been the first to make a cheap and practical device for use as a holder or handle for all sizes of flowerpots, and it has met with great commercial success. While the invention is simple, and not of a very high order, we are of opinion that the patent should be sustained.

The decree is affirmed.